(Superior Court of Cincinnati—*General Term*.)

ELIZABETH SCHMIDT *v.* CITY OF CINCINNATI.—MAGDALENA HOFFMAN ET AL., Executors, *v.* SAME.—MATILDA HAMILTON ET AL. *v.* SAME.

---

1. In applying the principle of *Haviland* v. *City of Columbus*, 50 Ohio St. 471, the question whether a lot has more than one front is one of fact to be determined by the circumstances of the particular case under examination.
2. Under the facts of these cases the lots should be held to front lengthwise as well as breadthwise.

(Decided October, 1894.)

---

SMITH, J.

In the above cases, which have been reserved upon bills of evidence, the plaintiffs, who are the owners of corner lots, seek to enjoin the collection of assessments made against their property for the improvement of the streets which are adjacent to the long side of their lots.

The cases call for an application of the principle declared in *Haviland et al.* v. *The City of Columbus et al.*, 50 Ohio St. 471.

In the Schmidt case the facts are as follows:

The plaintiff is the owner of two buildings situated on the lot on the southeast corner of Baymiller and Central avenue—23 feet on Central avenue by 145 feet on Baymiller street.

Baymiller street, from Liberty street to Central avenue, was improved under a resolution to improve, passed by the Board of Legislation December 10, 1892, and an ordinance to improve passed April 13, 1893. The

street was completed August 29, 1893, and on August 30, 1893, an assessment was made on plaintiff's 145 feet, at the rate of $6.1402245 per foot.

The building on the corner is two stories high, was leased to one tenant, and, at the time of the passage of the improvement ordinance, was occupied by several sub-tenants under the lessee. The appearance and location of the building are shown by a photograph attached to the bill of evidence, and made a part of the same.

The lower portion of the building on Central avenue, is occupied as a saloon, to which there are two doors—one on Central avenue, and one on Baymiller street. About twenty-five feet from Central avenue there is an offset in the building, leaving a yard space along Baymiller street for a distance of about seventy-five feet, a fence running along this distance, between this space and the sidewalk. At the northern extremity of the fence, and also at the southern extremity, is a gate which leads to a side door, giving access to all parts of the building, all of which, except the corner room on the ground floor, is used as a first class tenement house. At a distance of about ninety seven feet from Central avenue, on the same lot, is a separate three story brick building, 47 feet front, the only entrance to which is on Baymiller street, by a door opening on said street. The building is occupied by different tenants who use it for dwelling purposes.

In the *Haviland case* the Supreme Court held that the lot involved had only one front, But we do not understand that case to hold that a lot must necessarily have only one front. On the contrary, we understand that case to hold that the question whether a lot has one or more fronts is a question of fact in each case, and that, if the facts so warrant, it may be held, within the meaning of the assessment laws, to front lengthwise, as well as breadthwise. Thus the court say, (page 474):

"This must, in each case, be a question of fact, and can, in most instances, be easily determined. Lots usually front breadthwise, and not lengthwise, on a street. But a lot may be built upon, used and occupied, with reference to a street on which it lies lengthwise, and, in such case, for the payment of an improvement on the street, should be assessed for its full length, where the mode of apportionment adopted is by the front foot."

The same interpretation of the Haviland decision has been made by the circuit court of this state for the Second Circuit, in the case of *E. J. Barney* v. *The City of Dayton,* 8 C. C. R. 480, in which case it was held that certain corner lots, by reason of the improvements upon them, fronted upon both streets.

In this case we are of the opinion that, considering both the manner in which the improvements stand with reference to Baymiller street, and the use of such improvements with reference to the same street, and considering either the building which is used for a saloon and tenement purposes, or the separate building to the south of it, this lot must be held, as a matter of fact, to front upon Baymiller street as well as upon Central avenue. *Barney* v. *The City of Dayton, supra*; *Betz* v. *The City of Canton,* 32 W. L. B. 92.

In the *Hoffman case* the facts are as follows: The plaintiffs are the owners of property situated on the southwest corner of Baymiller and Central avenue, being 27.50 feet on Central avenue, 145 feet on Baymiller street, and 65 feet on Clearwater street, to which street it runs back in the rear, the whole building standing upon one lot.

Baymiller street, from Liberty street to Central avenue, was improved under a resolution to improve passed by the Board of Legislation of the city of Cincinnati, December 16, 1892, and an ordinance to improve passed April 13, 1893. The street was completed August 23, 1893, and an assessing ordinance was passed August 30, 1893, levying an assessment of

$6.14022433 per front foot on 145 feet of plaintiffs' property on Baymiller street.

The building is occupied by a drugstore 27.50 feet on Central avenue, with two doors opening upon Central avenue and one door opening on the corner upon Baymiller street. At about thirty feet from Central avenue there is a door on the Baymiller street portion, leading into the drugstore. At a point sixty feet from Central avenue there is a hall containing a stairway, one door of the hall communicating with the drugstore on the north, and another with the office of a sausage factory on the south, the factory occupying the remainder of the building on Baymiller street. To this factory there are four entrances opening on Baymiller street: (1) the door to the office next to the hallway above mentioned; (2) a door to the salesroom; (3) a door to the wagon-drive which leads into a yard situated in the center of the building; and (4) a door south of this to the sausage factory proper.

The upper stories are occupied by several families, access to which is by the hall stairway on Baymiller street, sixty feet from Central avenue.

It this case we are also of the opinion that, considering the manner in which the improvements are constructed, both the building in which the drugstore is located, and the one in which the factory is located, and considering also the use of such improvements, this lot should, as a matter of fact, be held to open upon Baymiller street as well as upon Central avenue.

In the *Hamilton case* the facts are as follows :

The plaintiffs are the owners of the two-story brick building situated on the northwest corner of Baymiller and Findlay streets, being 15 feet on Baymiller street and 100 feet on Findlay street.

Findlay street, from Central avenue to Freeman avenue, was improved under a resolution passes by the Board of Legislation of the City of Cincinnati, November 18, 1891, and an ordinance to improve passed February 12, 1892. The street was completed November 30, 1892, and an assessment of $4.147004 per front foot made upon plaintiff's property on Findlay street.

There are two entrances to the store on the corner,—one on the Baymiller street side, and another on the Findlay street side.

On Findlay street, about seventy-five feet from Freeman, is another entrance leading into a hallway. From the hallway a stairway leads to the upper story rooms upon the left, and upon the right into a room connected with the store on Baymiller street. From the entrance on Baymiller street you can pass into the entire house. There is one cellar under the entire building.

One of the families living upon the lower floor occupies the store on Baymiller street. The rooms in the upper story are occupied by different families. During all the time herein set forth the building was leased to one tenant, who sub-let to the various sub-tenants.

In regard to this lot we are also of the opinion that, considered with reference to the manner in which the improvements have been made upon it, and considered with reference to the use of the same, the lot, as a matter of fact, should be held to front upon Findlay street as well as upon Freeman street.

The order of the court will be that each of the above cases be dismissed at plaintiff's cost.

MOORE, J., and HUNT, J., concur.

*Burch & Johnson*, for plaintiffs.

*W. H. Whittaker, of Corporation Counsel*, for defendant.